CHARLES H. DUNHAM, Appellee, vs. THE BLACK DIAMOND
COAL COMPANY, Appellant.

*Opinion filed April 23, 1909.*

1. MINES—*"dangerous condition" in mine includes a condition due to construction.* The provisions of the Mining act that no one shall enter a mine to work, except under the directions of the mine manager, until "all conditions have been made safe," and that when "any dangerous condition" exists the mine manager shall place a conspicuous mark as notice for all persons to keep out, are broad enough to include dangerous conditions of a permanent character due to construction as well as temporary ones due to operation.

2. SAME—*a live, uninsulated electric wire is a dangerous condition.* The presence in a mine entry of a live, uninsulated electric wire, so placed that it may come in contact with a mule or its driver passing along the entry and thereby cause an injury to the driver, is a "dangerous condition," within meaning of Mining act.

3. SAME—*"dangerous conditions" not limited to conditions of the kind expressly specified.* The words "any dangerous condition," used in section 18 of the Mining act, do not, under the doctrine of *ejusdem generis,* limit the dangerous conditions to those expressly specified in the act and to those of the same kind as those specified. (*Mertens* v. *Southern Coal and Mining Co.* 235 Ill. 540, followed.)

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

CONKLING & IRWIN, for appellant.

ROBERT H. PATTON, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced in the circuit court of Sangamon county by Charles H. Dunham, the appellee, against the Black Diamond Coal Company, the appellant, to recover damages sustained by the appellee while engaged as a mule driver in the mine of the appellant, in consequence, as it is alleged, of the willful violation of the

Mines and Mining act by the appellant. The jury returned a verdict in favor of the appellee for $365, upon which the court, after overruling motions for a new trial and in arrest of judgment, rendered judgment, which judgment has been affirmed by the Appellate Court for the Third District, and that court having granted a certificate of importance, a further appeal has been prosecuted to this court.

The declaration contained three counts. The first count averred that plaintiff was working as a mule driver in defendant's coal mine; that there was in the entry of said mine in which plaintiff worked, and within reach of the mule which he drove while in use, a live electric wire which was not properly insulated or otherwise protected; that defendant willfully failed to comply with the statute in this: that it did not have its mine examiner visit the said mine and inspect the same and observe any unsafe conditions and mark the same as a dangerous place, and had not prevented plaintiff from entering to work in said mine until all conditions had been made safe; that plaintiff entered said mine to work, and while driving the mule hitched to a coal car, and because of the unprotected condition of said wire, said mule received a shock by coming in contact with said live wire, and because thereof became unmanageable and pulled the coal car from the track and against a post standing close to the track, and caught plaintiff between the said car and post and injured him. The second count contained the same allegations as the first, and in addition thereto charged that the defendant willfully failed to have its mine manager see to it that all dangerous places were properly marked and that danger signals were displayed, and that the place in question was not marked as dangerous. The third count averred a failure on the part of the defendant to observe that provision of the statute relating to mines and mining which provides that no one shall be allowed to enter a mine to work therein, except under the direction of the mine manager, until all conditions shall have been made safe, and

that plaintiff was willfully permitted to enter the mine to work while the conditions were unsafe, and that while there at work he was injured. The general issue was filed.

The evidence of appellee fairly tended to show that in June, 1907, appellee was at work for appellant in its coal mine as a mule driver, hauling cars in the entry; that over the part of the roadway which he used in his work there ran a trolley wire to convey an electric current to a motor used in the entry of the mine. This trolley wire was only about five or five and one-half feet above the bottom of the entry and about twelve inches outside the rail, and was uninsulated and unprotected; that while there was a current of electricity passing through said wire the head of the mule that appellee was driving came in contact with a live wire, whereby he received a shock and became unmanageable and pulled the car from the track and against a post standing near to the track, and that appellee was caught between the car and post and injured.

At the close of all the evidence the defendant made a motion for a directed verdict in its favor, and the overruling of that motion is the principal ground for a reversal urged in this court.

The first contention of the appellant is that the evidence does not show a willful violation of the provisions of the Mines and Mining act, in this: that it is said the provisions of said act are not intended to apply to a dangerous condition in a mine which is the result of faulty conditions in the mine of a permanent nature, caused in the course of construction in opening the mine, but that the dangerous conditions which the statute covers are of a temporary character and such as arise in the operation of the mine, and that as the live wire which came in contact with the ears and head of the mule which the appellee was driving at the time he was injured was a part of the permanent construction of the mine, the appellant was not liable for a willful violation of said statute. We cannot accede to this con-

tention, but think the statute broad enough to protect the appellee from all dangerous conditions found in the mine. The statute provides that no one shall be allowed to enter the mine to work, except under the direction of the mine manager, "until all conditions have been made safe," and that when any dangerous condition is discovered to exist in the mine, the mine examiner shall place a notice to all men to keep out of the mine. Clearly this language of the statute applies to a dangerous condition in the mine such as in the track over which the cars are drawn or in the road-bed or the sides of the entries by which the mine is traversed, as well as dangerous conditions caused by the falling of rock or other debris, and clearly includes a live wire so placed in the mine that a driver or his mule is exposed to contact therewith while in the mine and from which an injury similar to the injury received by appellee might result. In *Spring Valley Coal Co.* v. *Greig,* 226 Ill. 511, it was held that the statute covered a stationary engine situated at the top of the mine, used to furnish power to haul coal cars to the retail dump and to bring back the empty cars by means of a cable.

It is also urged that the statute, under the doctrine of *ejusdem generis,* is limited to the dangers specified in the statute in express terms and to the same kind of dangers as are expressed in the statute in specific terms, and that the words "any dangerous condition," found in the statute, are without significance to extend the scope of the statute. This question was before this court in *Mertens* v. *Southern Coal and Mining Co.* 235 Ill. 540, where it was disposed of adversely to the contention of appellant.

We do not think the court erred in declining to take the case from the jury.

It is also contended that the trial court erred in declining to direct a verdict for the defendant upon the second count of the declaration and in overruling its motion in arrest of judgment, as it is said the second count of the dec-

laration was broader than the statute, in that it averred that the mine manager failed to properly mark and display danger signals at the place where appellee was injured, when the duty of the mine manager only required him to see that such places were marked or danger signals displayed at such places. The Appellate Court held that the language in the second count of the declaration complained of might be disregarded as surplusage, and that with that language eliminated the count as it then stood was a good count. We think the Appellate Court rightfully so held. Furthermore, there was no controversy at the trial, between the parties, over the fact that the place where the appellee was injured was not marked or a danger signal displayed at that place, the position of the appellant being that the place was not dangerous, as its witnesses testified that the electric current was not turned on at the time the plaintiff was injured, and it was urged if it did appear from the evidence that the electric current was turned on, the dangerous condition thereby created was not within the terms of the statute. It is apparent, we think, that the jury were not misled by the language found in the second count of the declaration, and as the first and second counts of the declaration stated a good cause of action and were amply supported by the evidence, the trial court did not commit reversible error in denying appellant's motion to take the second count of the declaration from the jury or in overruling its motion in arrest of judgment.

The appellant has also made some complaint against the instructions given on behalf of appellee and as to the action of the court in refusing certain instructions offered upon its behalf and refused. We think the instructions given for the appellee are substantially correct and were properly given, and that those instructions offered by appellant and refused were properly refused, as they asked the court to inform the jury that the danger incident to placing a live wire in the mine, unprotected and in a situation where it

would be likely to come in contact with the ears and head of the mule which appellee was driving, was not a dangerous condition within the meaning of the Mines and Mining act, and for which the appellant, in case of injury, could in no event be held liable to appellee for damages. This view is not correct, and the court did not err in declining to give to the jury appellant's refused instructions.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*