**Fred Felchner, Defendant in Error, v. Consolidated Coal Company, Plaintiff in Error.**

1. Appeals and errors—*failure to comply with section 81 of the Practice Act.* Where a full transcript of all proceedings is filed, the failure to comply with section 81 of the Practice Act, in regard to giving notice, is not necessarily a ground for affirming a judgment, but may be a reason for taxing unnecessary costs.

2. Mines—*unsafe tracks.* Section 18 of the Mining Act of 1907, which requires a mine examiner to inspect all places where men are expected to pass or work, and when a dangerous condition is discovered to place a mark thereat, applies to dangerous and unsafe hauling tracks.

3. Evidence—*conversations before accident.* In an action for personal injury to a mule driver caused from unsafe hauling tracks in a mine, conversations between miners and the mine examiner in which complaint was made about the tracks a week or two before the accident are admissible for the purpose of showing that the company had notice and knowledge of the defective condition.

Error to the Circuit Court of Macoupin county; the Hon. Robert B. Shirley, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

BROWN & HAY, for plaintiff in error; MASTIN & SHER-LOCK, of counsel.

RINAKER & RINAKER, for defendant in error.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is an action in case begun by Fred Felchner, by his next friend, against the Consolidated Coal Company of St. Louis to recover damages for an injury to his person, while working as a mule driver in the coal mine of defendant. The plaintiff recovered a verdict and judgment for eight hundred dollars against the defendant, who prosecutes this writ of error.

The defendant in error has entered a motion in this court to affirm the judgment, for the reason that plaintiff in error did not "serve upon the opposite party, or his attorney, five days' notice of the time when and place where he will file his praecipe for a record in such cause, together with a copy of such praecipe" as is required by section 81 of the Practice Act.

The clerk of the trial court certifies that the record filed in this court, is a full, true and complete copy of the praecipe for summons, summons, return thereon, declaration, plea, verdict, judgment, bill of exceptions and all orders of the court, and is a full and complete transcript of all proceedings in the cause. The defendant in error has not suggested any diminution of the record. We are of the opinion that the object of this provision of the statute is to abbreviate the record, so that the transcript will only contain such portions of the record as will fully and fairly present the questions sought to be presented for review. The failure to comply with that section of the statute is not necessarily a reason for affirming a judgment of the trial court, but may be a reason for taxing unnecessary costs against a party who fails to comply with the statute and might be successful in an appellate court.

The trial was had upon two counts of the declaration which aver a wilful failure of the defendant to comply with section 18 of the Mining Act of 1907. The first count avers that the defendant was engaged in mining coal and that the plaintiff was an employee in defendant's mine; the duty of defendant through its mine examiners to visit the mine before men are permitted to enter to work and to inspect all places where men are expected to pass or work, and when places are found in which dangerous conditions exist, to place a conspicuous mark thereat, as a notice to all men to keep out; that there was maintained an unsafe place at the entrance to room 34 in that an iron rail track on a rapidly descending grade extended from said room by a very short curve and said rails were of uneven height, whereby loaded cars were caused to jump or leave the track, which was known to the defendant, yet the defendant did not place a mark thereat, and permitted plaintiff to drive mules with cars over said track whereby a car was derailed and plaintiff injured. The second is similar to the first, except that it does not aver that the dangerous condition was known to the defendant. The defendant filed the general issue.

The preponderance of the evidence shows that from the entrance of room thirty-four to the face of the coal was an up grade so that cars had to be "spragged" in taking them out of the room; that the curve at the mouth of the room was very sharp and that the rail on the outside of the curve was the lower; that cars had been derailed at that point and the mine manager had been notified of the condition several days previous to the date of the accident by which plaintiff was injured, and requested to have the dangerous condition made safe, and although the mine examiner had passed over this place and examined the room, there was no mark or danger signal placed at the entrance to the room.

On the day of the injury plaintiff with his mule

went to room 34 to get a loaded car and bring it to the parting. There were iron sprags at the parting to use on down grades. Plaintiff did not take any sprags with him on this trip having an impression that he had left some at that room on a former trip. The miners in the room split a piece of timber to make a sprag which plaintiff used, but the car jumped the track at the curve and threw plaintiff under the wheel breaking his arm.

Plaintiff in error insists that under the construction of section 18 of the Mining Act passed in 1907, announced in Pate v. Blair-Big Muddy Coal Co., 252 Ill. 198, in which it was held that the provision of the statute which requires a mine examiner to inspect "all places where men are expected to pass or to work and observe * * * other unsafe conditions" and "when working places are discovered in which * * * any dangerous conditions exist he shall place a conspicuous mark thereat," does not apply to machinery several hundred feet distant from where a trip hauler was injured, that therefore it does not apply to dangerous and unsafe hauling tracks, and that a peremptory instruction asked by plaintiff in error should have been given. In the Pate case the injury was caused by defects in machinery in an engine room a considerable distance from the place of the accident and a danger signal at the engine room would not have warned Pate that the working place where he was injured was unsafe. In Cook v. Big Muddy Mining Co., 249 Ill. 41, and in the Pate case, *supra,* it was said the statute only applies to physical conditions which make a working place dangerous. The statute requires mine examiners "to observe whether there are recent falls or other obstructions in rooms or roadways, or accumulations of gas or other unsafe conditions," and "when working places are discovered in which accumulations of gas or recent falls or *any dangerous condition exists*" that the examiner "shall

place a conspicuous mark thereat as notice to all men to keep out.''

The condition of a track in a mine over which drivers must pass with their mules and cars would appear to be as much a physical condition as the condition of the roof over a hauling way. Dunham v. Black Diamond Coal Co., 239 Ill. 457.

There was no error in refusing the peremptory instruction and the evidence sustains the verdict.

It is also insisted that the court erred in overruling an objection to conversations between two miners at different times with the mine examiner from one to two weeks before the date of the accident in which they made complaint to the mine examiner of the condition of the track at the mouth of this room. This evidence was proper for the purpose of showing notice to and knowledge of the plaintiff in error of the condition of the track at that place.

Finding no error in the record the judgment is affirmed.

*Affirmed.*